IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE GIORDANO'S RESTAURANT )
ENTERPRISES, INC., *et al.*, )
 )
      Debtors, )
_____
 )
FIFTH THIRD BANK, )
 )
      Appellant, )
 )
      v. ) No. 11 C 8117
 )
JOHN APOSTOLOU, et al., )
 )
      Appellees. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellant Fifth Third Bank's (FTB) appeal from the ruling of the bankruptcy court in bankruptcy case number 11-06098. For the reasons stated below, this court affirms the bankruptcy court.

## BACKGROUND

In February 2011, a group of entities that operate Giordano's pizza restaurants

(Debtors) collectively filed for bankruptcy (Bankruptcy Proceedings) under Chapter 11 of the Bankruptcy Code.  John and Eva Apostolou are trustees of trusts that allegedly own 100% of certain common stock and limited partnership interests of Debtors.  On May 12, 2011, the bankruptcy court appointed a trustee (Trustee) over the estate in the Bankruptcy Proceedings (Estate) and placed the assets and business of Debtors under the control of the Trustee.  On that same day, the bankruptcy court entered an order (May 12 Order) providing that "John Apostolou, Eva Apostolou, Johanna Apostolou and all persons acting for them, as their agents, in concert with them, or otherwise at their direction or under their control . . . may not interfere in the Debtors' business in any way, including, without limitation, by contacting employees, vendors, landlords, tenants, franchisees, and creditors."  (5/12/11 OR).

On August 3, 2011, an action was filed in state court (Apostolous Action) by John Apostolou, Eva Apostolou, Basil Apostolou, George Apostolou, and Joanna Apostolou (collectively referred to as "Apostolous").  On August 12, 2011, FTB filed a notice of removal, removing the Apostolous Action to federal court.  On August 15, 2011, FTB filed a motion in the Bankruptcy Proceedings, contending that the Apostolous Action violated the bankruptcy automatic stay and violated the May 12 Order.  FTB also filed a motion for sanctions against the Apostolous and their counsel.  On August 19, 2011, the Trustee filed a motion to enforce the automatic

stay against the Apostolous and to stay the Apostolous Action. On August 23, 2011, the Apostolous filed a motion to remand the Apostolous Action to state court.

On September 21, 2011, the bankruptcy court granted in part the Trustee's motion to enforce the automatic stay (September 21 Order). The bankruptcy court held that certain portions of the complaint in the Apostolous Action violated the automatic stay and that those portions of the complaint were stricken. The bankruptcy court also found that the proposed amended complaint (Amended Complaint) by the Apostolous complied with the court's order and did not violate the automatic stay. The bankruptcy court further granted in part and denied in part FTB's motion for sanctions, denying the request that the Apostolous and their counsel be held in contempt of court. On September 28, 2011, the bankruptcy court remanded the Apostolous Action to state court. FTB now appeals certain rulings by the bankruptcy court.

## LEGAL STANDARD

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. 28 U.S.C. § 158. On appeal, the district court reviews the factual findings of the bankruptcy court under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de*

*novo* standard. *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009)(stating that the court "review[s] the bankruptcy court's determinations of law *de novo* and findings of fact for clear error," but "where the bankruptcy code commits a decision to the discretion of the bankruptcy court, [the court] review[s] that decision only for an abuse of discretion"); *see also In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997)(stating that a "bankruptcy court's findings of fact are upheld unless clearly erroneous and the legal conclusions are reviewed *de novo*"). Where there are mixed questions of law and fact, the district court conducts a *de novo* review. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

## DISCUSSION

I. Whether Court Determined that Claims Are Not Property of the Estate

FTB argues that the bankruptcy court failed to determine if the claims in the Apostolous Action (Claims) are property of the Estate and that the bankruptcy court had an obligation to make such a determination. (Applt. 9-10). FTB also argues that the bankruptcy court improperly delegated that determination to the state court. (Applt. 9-10). Once a bankruptcy petition is filed, pursuant to 11 U.S.C. § 362(a),

4

"the bankruptcy code provides for an automatic stay of efforts outside the bankruptcy proceeding to collect debts from the bankrupt debtor." *In re Radcliffe*, 563 F.3d 627, 630 (7th Cir. 2009)(explaining that "[b]ringing all debts within the jurisdiction of the bankruptcy court allows for the orderly distribution of assets"). The automatic stay extends to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . ." 11 U.S.C. § 362(a)(3). The trustee appointed in the bankruptcy proceeding "has the sole right and responsibility to bring claims on behalf of the estate." *In re Teknek, LLC*, 563 F.3d 639, 645-46 (7th Cir. 2009)(stating that the "trustee has the sole responsibility to represent the estate by bringing actions on its behalf").

FTB contends that the Claims were property of the Estate, and thus the Apostolous Action violated the automatic stay. FTB also asserts that the bankruptcy court improperly delegated to the state court on remand the authority to make a determination as to whether the Claims are property of the Estate. However, the record reflects that the bankruptcy court did determine that the Claims in their entirety are not property of the Estate. The fact that the bankruptcy court did not agree with FTB's position does not mean that the court failed to decide the issue or failed to consider the pertinent law. In the September 21 Order, the bankruptcy court ruled that all of the Claims did not violate the automatic stay. (9/21/11 Enf. OR 1).

The court specified which portions of the Claims involved property of the Estate and the court ruled that such portions "are void as having been brought in violation of the automatic stay and shall be stricken. . . ." (9/21/11 Enf. OR 1). The bankruptcy court further indicated that the Claims in the Amended Complaint (Amended Claims) are not property of the Estate and do not violate the automatic stay.

FTB supports its position by extensively quoting statements made by the bankruptcy court orally at court hearings. However, such statements must be viewed in their proper context and do not clearly indicate that the bankruptcy court was making any ruling orally that was contrary to its written orders. The bankruptcy court's written orders make it clear that the Amended Claims are not property of the Estate. FTB fails to point to any portion of the September 21 Order expressly stating that the bankruptcy court was declining to rule on any issue relating to property of the Estate or indicating that the bankruptcy court was referring any such issue to the state court on remand.

FTB quotes the bankruptcy court from the September 21, 2011 hearing (September 21 Hearing), when the court stated, "[t]hat's an issue, and you would argue that to the state court." (9/21/11 Hr. 11). FTB contends that such a statement shows that the bankruptcy court was delegating to the state court determinations concerning whether the Claims are property of the Estate. However, the issue that

the bankruptcy court was referring to at that point in the hearing was the issue of whether the allegations supporting the Amended Claims state a valid claim for relief that is "recognized by state law." (9/21/11 Hr. 11).

FTB also quotes the bankruptcy court at the September 21 Hearing when it stated, "[n]ow, see, there's a real problem with that because if they want to claim a personal right that you think is only a right of the corporation, I'm not going to make that decision. That's a decision for the state court to make. And here's the reason why: They can claim whatever personal rights they want to claim." (9/21/11 Hr. 27). FTB attempts to take that statement out of context and argue that the bankruptcy court was declining to make a ruling on the issue of whether the entirety of the Claims are property of the Estate. However, the bankruptcy court did not state that it was taking the Apostolous at their word that the Claims are entirely personal claims. In actuality, it is apparent that the bankruptcy court, consistent with its written order, did determine that certain portions of the Claims are personal claims and not property of the Estate. In the quoted portion above, the bankruptcy court was merely indicating that whether the "personal right[s]" asserted by the Apostolous in the Amended Claims are "totally frivolous" under state law, is an issue to be decided by the state court rather than the bankruptcy court. (9/21/11 Hr. 27). The bankruptcy court also properly concluded that whether the factual allegations supporting the

7

Amended Claims are "factually inaccurate" or "legally insufficient" to state a claim under state law, is an issue to be decided by the state court. (9/21/11 Hr. 27-29). The bankruptcy court made clear that such personal claims are "not property of the [E]state." (9/21/11 Hr. 29). Thus, FTB has not shown that the bankruptcy court failed to determine whether the Claims were property of the Estate, and FTB has failed to show that the bankruptcy court delegated that determination to the state court.

II. Whether Claims Are in Fact Property of the Estate

FTB also contends that the bankruptcy court erred because, according to FTB, the court should have determined that the Amended Claims are property of the Estate, and that they are therefore barred by the automatic stay. (Appl. 14). The court notes initially that this argument is a somewhat inconsistent argument on the part of FTB since, on one hand, FTB argues that the bankruptcy court failed to make any ruling on this issue, and on the other hand, FTB argues that the bankruptcy court made the wrong decision on this issue.

FTB argues that the Amended Claims are properly characterized as derivative claims and property of the Estate, rather than personal claims. A derivative claim is a claim brought by a "shareholder . . . on behalf of a corporation." *Hale v. Victor*

8

*Chu*, 614 F.3d 741, 743 n.1 (7th Cir. 2010)(citing *Ross v. Bernhard*, 396 U.S. 531, 538 (1970)). Under the shareholder-standing rule, a shareholder generally lacks standing to "sue for indirect harm he suffers as a result of an injury to the corporation." *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008). However, that rule does not apply if, for example, "the corporation's management has refused to pursue the action for reasons unrelated to good-faith business judgment," if the shareholder "has suffered a direct, personal injury independent of the derivative injury common to all shareholders," or the shareholder is seeking to "vindicate an injury even where the corporation may bring the action if 'a special contractual duty exists between the wrongdoer and the shareholder.'" *Id.* (quoting *Twohy v. First Nat'l Bank of Chi.,* 758 F.2d 1185, 1194 (7th Cir. 1985)).

The determination of whether a claim is "derivative by nature or may be brought by a shareholder in his own right is governed by the law of the state of incorporation." *Kennedy v. Venrock Associates*, 348 F.3d 584, 589 (7th Cir. 2003). Under Illinois state law, a derivative claim is one that is applicable "[w]hen investors have been injured in common," and the wrongful conduct "injures all investors alike," as opposed to when one "investor . . . suffers a distinct personal injury." *Frank v. Hadesman and Frank, Inc.*, 83 F.3d 158, 160 (7th Cir. 1996); *see also Zokoych v. Spalding*, 344 N.E.2d 805, 813 (Ill. App. Ct. 1976)(stating that "[a] suit

brought by a stockholder upon a personal claim is by its nature distinguishable from a proceeding to recover damages or other relief for the corporation").

Derivative claims by the shareholders of the debtor corporation "become property of the estate which the trustee alone has the right to pursue after the filing of a bankruptcy petition." *Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339, 1343-44 (7th Cir. 1987); *see also In re A.G. Financial Service Center, Inc.*, 395 F.3d 410, 415 (7th Cir. 2005)(stating that once bankruptcy proceedings are commenced, derivative claims brought on behalf of the debtor become a "collective proceeding through which such claims are vindicated for creditors' mutual benefit"); *Kennedy*, 348 F.3d at 589 (explaining that a "derivative suit . . . is an asset of the corporation-which means that if . . . the corporation is in bankruptcy, the suit is an asset of the bankrupt estate").

In the instant action, the bankruptcy court properly found that the Amended Claims seek to vindicate alleged personal interests of the Apostolous and therefore are not property of the Estate. FTB relies extensively in its appellant brief on *In re Ionosphere Clubs, Inc.*, 17 F.3d 600 (2nd Cir. 1994), for the general principles relating to the determination of whether a claim is a derivative claim. (Appt. 12-13). However, as indicated above, the determination of whether a claim is "derivative by nature or may be brought by a shareholder in his own right is governed by the law of

the state of incorporation." *Kennedy*, 348 F.3d at 589.

In *Ionosphere*, the court in assessing whether certain claims were direct or derivative, looked to Delaware state law, which was controlling in that case. 17 F.3d at 604. In the instant action however, FTB has not disputed the Apostolous' contention that Illinois law is controlling and FTB has not shown that any of Debtors are incorporated in Delaware. (Applee. 5). Thus, the principles in *Ionosphere* that are based on Delaware state law are not applicable in this case. FTB also cites various other non-controlling precedent throughout its briefs. The court also notes that even under the standards set forth in the cases cited by FTB, the result in this appeal is the same.

In the Apostolous Action, the Apostolous assert in the Amended Complaint that certain non-debtor third parties, such as the Chief Financial Officer of Debtors, owed the Apostolous certain personal duties. (A. Compl. Par. 9). The Apostolous are seeking to obtain relief based upon the relationships of certain individuals and entities with the Apostolous and are not seeking to obtain funds from the Estate. In the Amended Complaint, the Apostolous bring claims, such as breach of fiduciary duty claims, premised upon alleged personal duties owed uniquely to the Apostolous. (A. Compl. Par. 9). The Apostolous have included claims in the Amended Complaint that are based on a special injury to the Apostolous, rather than common

11

indirect injuries that should be deemed derivative claims. For example, the Apostolous allege direct financial harm resulting from an alleged covert scheme to force out the Apostolous and take control of Debtors. The Apostolous also allege that the participants in the scheme breached their personal duties owed to the Apostolous as financial advisors, not that they breached any duties owed to Debtors. (A. Compl. Par. 3-9). The Apostolous further allege that FTB "put the Apostolous under duress by threatening to financially ruin the Apostolous, and 'throw the family in the street,' if they did not comply with [FTB's] demands." (A. Compl. Par. 7). The bankruptcy court also noted in remanding the Apostolous Action that counsel for the Apostolous stated in court that "the allegation and the basis of the cause of action under Illinois law is a shareholder squeeze out scheme," and that "[b]y the time the Chapter 11" bankruptcy was filed, the scheme "was complete." (9/28/11 OR 1). The bankruptcy court properly held that, although the state court might conclude that the Amended Claims are not cognizable claims under Illinois law and/or that the claims lack any merit, such determinations are properly made by the state court. The bankruptcy court did not pass judgment on the merits of the Amended Claims. The bankruptcy court merely ruled that the Apostolous had their right to their day in court in state court on separate state law claims and that the Amended Claims do not relate to the Bankruptcy Proceedings or violate the automatic stay. (9/21/11 Hr. 34).

FTB argues that it does not owe a fiduciary duty to Apostolous under Illinois state law and that FTB is not a proper defendant in the Apostolous Action under a certain Illinois statute. (Reply 5-6). However, those determinations are not dispositive in assessing whether the Claims relate to the Bankruptcy Proceedings or are property of the Estate, which was the issue before the bankruptcy court. FTB has not shown that it would be unable to present its arguments concerning the merits of the Amended Claims in the state court proceedings. Thus, the bankruptcy court correctly held that such arguments concerning the merits of the Amended Claims were not properly before the court. Based on the above, the bankruptcy court did not err by declining to find that the Amended Claims are property of the Estate.

III. Violation of May 12 Order

FTB argues that the bankruptcy court erred in finding that the Apostolous did not violate the May 12 Order. FTB contends that the bankruptcy court should have found that the Apostolous violated the order and should have held them in contempt of court. On appeal, the reviewing court "owe[s] substantial deference to the bankruptcy court's interpretation of its own orders and [the reviewing court] will not overturn that interpretation unless [the court is] convinced that it amounts to an abuse of discretion." *In re Resource Technology Corp.*, 624 F.3d 376, 386 (7th Cir. 2010).

13

FTB is incorrect that the bankruptcy court found no violation of the May 12 Order. On September 21, 2011, the bankruptcy court, in a written order, granted in part and denied in part FTB's motion for sanctions. (9/21/11 OR Sanctions 1). On that day, the bankruptcy court, in a separate order, ordered the Apostolous to amend the complaint to ensure that any claims pursued in state court would not violate the May 12 Order or the automatic stay. The bankruptcy court also concluded that holding the Apostolous in contempt of court was not an appropriate sanction. (9/21/11 OR Sanctions 1); (9/21/11 Hr. 34). FTB quotes the bankruptcy court at the September 21 Hearing when the court stated: " I don't see a violation of the order . . . ." (9/21/11 Hr. 23). However, the court was merely stating that the Amended Claims were consistent with the May 12 Order. The bankruptcy court properly noted that nothing in its May 12 Order prohibited anyone from filing a separate action against non-debtors, such as the Apostolous Action, relating to claims that are not property of the Estate. (9/21/11 Hr. 23). The bankruptcy court properly concluded that the Amended Claims are direct and personal state law claims and that such claims do not interfere with the business of the Debtors and do not violate the May 12 Order. FTB has not shown that the bankruptcy court erred in interpreting the May 12 Order or that the bankruptcy court's decision on the issue of sanctions was an abuse of discretion. Therefore, based on the above, the bankruptcy court is affirmed

in its entirety.

## **CONCLUSION**

Based on the foregoing analysis, this court affirms the bankruptcy court in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   April 3, 2012